UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: PATRICK A. RUGIERO,

    Debtor

Case No. 11-cv-11549

                                       /

HONORABLE STEPHEN J. MURPHY, III

PATRICK A. RUGIERO,

    Appellant,

v.

ANTONIETTA DINARDO,

    Appellee.

                                       /

**OPINION AND ORDER**

Debtor Patrick Rugiero appeals the bankruptcy court's order denying his motion to enforce the automatic stay and its order denying his motion for reconsideration. For the reasons that follow, the Court affirms the decision of the bankruptcy court.

**BACKGROUND**

Debtor/Appellant Patrick Rugiero and Appellee Antonietta DiNardo are unmarried parents of two young children that have extensively litigated a child custody dispute in Wayne County Circuit Court. *See* Appellant's Br. 4, ECF No. 11. The state court ordered Rugiero to pay legal fees that DiNardo incurred in the custody case. *Id.* This action included a May 24, 2010, order to pay $20,000 and a November 30, 2010, order to pay

$80,000 in attorney's fees.[1] *See id; see also* Appellee's Br. Ex. B & F, ECF No. 12-1. During the pendency of the state custody case, on January 28, 2011, Rugiero filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. *See* Bankruptcy Ct. Order Den. Mot. for Recons. 1, ECF No. 1. Thereafter, on February 14, 2011, the state court entered an order finding that the attorney's fees it had previously awarded in favor of DiNardo in the custody case constituted a non-dischargeable debt in the bankruptcy case under 11 U.S.C.§ 523(a)(5). *Id.* Rugiero filed a motion in the bankruptcy court to enforce the automatic stay of § 362(a) of the bankruptcy code and argued that the state court order entered on February 14, 2011, was entered in violation of the automatic stay and was, therefore, void. *Id.*

The bankruptcy court denied Rugiero's motion to enforce the automatic stay, finding that because an exception to the automatic stay applied, the Wayne County Circuit Court was free to exercise its concurrent jurisdiction to determine that the attorney's fees it previously awarded in favor of DiNardo were non-dischargeable debts. *Id.* at 2 & 6. In explaining its decision to deny Rugiero's motion, the bankruptcy court adopted the reasoning set forth in *In re Moxon*, No. 05-74864, 2006 WL 846960 (E.D. Mich. Mar. 31, 2006), which affirmed a bankruptcy court finding that a state court had properly determined that collection of child support and attorney fees incurred in connection with attaining child support fit within the exception to the bankruptcy code's automatic stay provision. 2006 WL

---

[1] Rugiero appealed these state court orders awarding attorney's fees to DiNardo to the Michigan Court of Appeals. Appellant's Br. 4, ECF No. 11. The appeals are unresolved. Appellee's Br. 6, ECF No. 12. He then filed a motion to stay the state court proceedings pending appeal, which the state court denied. Appellant's Br. 4-5, ECF No. 11.

2

846960. *See id.* at 2. Additionally, the bankruptcy court concluded that the *Rooker-Feldman* doctrine prevented it from reviewing the decision of the Wayne County Circuit Court that Rugiero's debt was non-dischargeable. *Id.* Rugiero filed a motion for reconsideration of this order, which the bankruptcy court denied. *Id.* at 6. Rugiero now appeals the bankruptcy court's denial of these motions.[2] Notice of Appeal 1, ECF No.1.

## LEGAL STANDARD

District courts have appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's conclusions of law are reviewed de novo, while findings of fact are reviewed under the clear-error standard. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 935-36 (6th Cir. 2010).

## ANALYSIS

Rugiero presents four issues for appeal. He submits that the bankruptcy court erred when it ruled that (1) the attorney's fees debt arising from his state court custody case was excepted from the automatic stay provision of the Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(2); (2) the *Rooker-Feldman* doctrine prevented it from reviewing the state court order declaring his attorney's fees debt to be non-dischargeable; (3) attorney's fees debt arising from a custody dispute where the parties were never married qualified as a "domestic support obligation" under 11 U.S.C. § 101(14A); and (4) the state court had jurisdiction to make a determination as to the dischargeability of debts under 11 U.S.C. § 523(a)(5) without first obtaining relief from the bankruptcy court. Appellant's Br. 2, ECF No.

---

[2] Rugiero has also appealed the state court's order regarding dischargeablity to the Michigan Court of Appeals. It appears that appeal is still pending. Appellee's Br. 2, ECF No. 12.

11. Issues one and three will be addressed first followed by issues two and four.

### I. Exception to the Automatic Stay

Rugiero's first and third issues present the same question: did the bankruptcy court correctly determine that an exception to the automatic stay applied? The Court finds that it did. When a bankruptcy proceeding is commenced, the exclusivity of the bankruptcy court's jurisdiction over the debtor's property extends "only to the extent that the Code makes its jurisdiction exclusive." *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 382 (6th Cir. 2001). The automatic stay provision of the Code, 11 U.S.C. § 362(a), "protects the bankruptcy court's jurisdiction by forbidding the commencement or prosecution of most actions against the debtor or his property, but the automatic stay has exceptions." *Id.* If an exception to the stay covers the action in question, then the bankruptcy court's jurisdiction is "concurrent with that of any other court of competent jurisdiction." *Id.* at 383. Additionally, a non-bankruptcy court may determine if the automatic stay applies to the matter before it. *See id.* at 384 ("Not surprisingly, courts have uniformly held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings."). Although only the bankruptcy court may lift or modify the automatic stay, it is still within the power of a non-bankruptcy court to determine whether the stay applies to the matter before it. *In re Singleton*, 230 B.R. 533, 539 (B.A.P. 6th Cir. 1999).

Whether or not the stay applied in this case turns on whether or not the debt at issue can properly be characterized as an order for a domestic support obligation, s*ee* 11 U.S.C.

§ 362(b)(2)(A)(ii) (filing a petition under sections 301, 302 or 303 of the Bankruptcy Code does not operate as a stay of the commencement or continuation of a civil proceeding "for the establishment or modification of an order for domestic support obligations."), and the bankruptcy court found that it could.  It agreed with the state court's findings and determined that the subject attorney fee debt was a domestic support obligation and that, consequently, the automatic stay did not apply to it under § 362(b)(2)(A)(ii) .  *See* Tr. Hearing Re. Bench Op. Re. Mot. Enforce Automatic Stay at 12, *In Re Rugiero*, No. 11-42088-pjs, (E.D. Mich. Bankr. March 4, 2011).  The bankruptcy court based its conclusion on the definition of "domestic support obligation" found in § 101(14A) of the Bankruptcy Code.  *See id.* at 6-7.  The Code defines a "domestic support obligation," in relevant part, as a debt that is "owed to or recoverable by . . . [a] child of the debtor or such child's parent, legal guardian or responsible relative" and that is in the nature of support of the debtor's child or child's parent "without regard to whether such debt is expressly so designated" and is established by "an order of a court of record."  11 U.S.C. § 101(14A)(A)-(C). Additionally, to be a "domestic support obligation," the debt cannot be assigned to a nongovernmental entity unless assigned voluntarily by the debtor's child or child's parent for the purpose of collecting the debt.  *Id.* at § 101(14A)(D).

Rugiero contends that the bankruptcy court and the state court were both wrong in classifying the attorney fee debt as a domestic support obligation because the parties were never married and Michigan does not recognize palimony, and because the attorney fees are not "in the nature of support."  *See* Appellant's Br. 12-16, ECF No. 11.  But, the language of § 101(14A) does not require marriage as a prerequisite to a domestic support obligation.  Rather, it provides that a domestic support obligation includes a debt

5

"recoverable by [a] child of the debtor or such child's parent." 11 U.S.C. §101(14A)(A)(i). DiNardo is the mother of Rugiero's two minor children and she therefore qualifies under §101(14A). Further, the bankruptcy court reviewed the orders of the Wayne County Circuit Court and found that all of the elements of a domestic support obligation under § 101(14A) were present. Order Den. Recons. at 4-5, ECF No. 1. The bankruptcy court noted that the debt at issue was owed to or recoverable by DiNardo, the parent of the debtor's child, that an order of a court of record established the debt and that it is clear from the language of the state court's order awarding fees that the state court considered the ability of DiNardo to pay, and the ability of Rugiero to pay. *See* Tr. Hearing Re. Bench Op. Re. Mot. Enforce Automatic Stay at 8. Based on these factors, the bankruptcy court concluded "the only fair reading of [the state court's] orders and opinions are that this is in the nature of support." *Id.* The Court finds that the bankruptcy court properly classified the state court orders awarding attorney fees as domestic support obligations and, consequently, an exception to the automatic stay applied.

<u>II. Dischargeability of the Attorney's Fees Debt</u>

In his second and fourth arguments, Rugiero submits that the bankruptcy court erred when it ruled that the state court had jurisdiction to determine the dischargeabilty of his attorney's fees debt and when it ruled that the *Rooker-Feldman* doctrine prevented its review of this dischargeability determination. These arguments are unavailing because the exception to the automatic stay discussed above applied.

Because an exception to the automatic stay applied, the state court had jurisdiction to determine whether the attorney fee debt at issue in Rugiero's custody case was dischargeable in bankruptcy. *Chao,* 270 F.3d at 383; *In re Moxon*, 2006 WL 846960 (E.D.

Mich. Mar. 31, 2006).  Additionally, since the state court had jurisdiction to decide the matter, the bankruptcy court correctly found that the *Rooker-Feldman* doctrine prevented it from reviewing the state court's decision regarding the dischargeablity of the debt.  *See Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 755-56 (6th Cir. 2003)("The Rooker-Feldman doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts.").  Accordingly, the bankruptcy court did not error in denying Rugiero's motion to enforce the automatic stay or in denying his motion for reconsideration of the same.

**WHEREFORE** it is hereby **ORDERED** that the orders of the bankruptcy court are **AFFIRMED**.

SO ORDERED.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager